## THE STATE v. TUCKER.

1. **Highway: BY PRESCRIPTION.** To establish a highway by prescription there must have been a general, uninterrupted use of the same as such by the public, under a claim of right, for a period equal to that for the limitation of real actions.

2. —— BY DEDICATION. To establish a public highway by dedication, dedication by the owner to the public, and an acceptance by the public, must be shown.

3. —— Dedication as a private way, or any length of user as such, will not be sufficient.

*Appeal from Lee District Court.*

TUESDAY, JUNE 4.

AT the May term, 1871, of the Lee district court, the defendant was indicted for obstructing " a certain ancient and public highway, known as " Speak's Lane." At the same term he was tried and found guilty. From the judgment against him he appeals. The necessary facts are stated in the opinion.

*John Van Valkenburg* and *McCrary, Miller & McCrary* for the appellant.

No appearance for the appellee.

DAY, J. — Counsel for defendant assign numerous errors, but, in the argument, they confine themselves to a considera-
1. HIGHWAY: tion of the sufficiency of the evidence to estab-
by prescription. lish the existence of the highway in question. Although the evidence is rather voluminous, yet it establishes but few facts, and involves but little conflict.

The lane in question is about forty rods in length, and from twelve to twenty feet in width. It extends from the Augusta and Green Bay road, to an embankment or levee, near the bank of the Skunk river, and connects there with no other

highway.   The lane was made about twenty-five years ago, by Lucas and Haines, between their farms.   They agreed between themselves that they would leave the lane open for themselves and neighbors for hauling wood, and for a passage way for their cattle to the range on the river.

From that time to the period of the obstruction complained of it was occasionally used, but not generally by the traveling public.

Once a few of the neighbors passed through it for the purpose of repairing the levee.   Occasionally stock used it to reach the range on the river.   Sometimes parties rode through it to hunt their stock.   Klinginsmith used it to reach his timber, and McChord has used it, though not often, for the same purpose.   No other person has occasion to use it to reach his timber.

No work has ever been done, or money expended upon it by public authority, except that, in the fall of 1870, Klinginsmith, at his own request, was permitted, by the temporary supervisors, to work out a tax of fifty cents thereon.

This constitutes the nature and extent of the use made of the lane, as shown by the testimony.   In 1852 the defendant became the owner of the Lucas farm, and in 1869 of the Haines farms, becoming thus the owner of the farms on both sides of the lane he closed it, unmoved the lane fences and placed it in cultivation.   For this the indictment is found.

It is not claimed that this lane was ever laid out in the manner prescribed by statute.   Aside from this mode, a highway may exist in this State by prescription and dedication.

I.   To establish a highway by prescription there must be an actual public use, general, uninterrupted, continued for the period of the statute of limitations, under a claim of right. Washb. on Easements (2d ed.), 177, and cases cited; *Keyes & Crawford* v. *Tait*, 19 Iowa, 123.

The evidence does not establish a use of this character.   It was not a general public use.   The lane was so situated as to be unavailing to the traveling public for the purpose of a highway.   It connected no lines of travel.   It was available only to

the few persons who had occasion to use it in reaching their timber or in hunting their cattle. And the use by these was only occasional. And there is no proof that this road was made under any claim of right. It is claimed that the public have acquired a right of way under a continued and uninterrupted use. If so, the public must, in some way, have claimed a right to so use it. This claim might be evidenced by exercising jurisdiction over the road, working it, expending money in its repairs, etc. But nothing of the kind is shown.

Aside from the work which Klinginsmith was permitted, at his own request, to do a short time before the indictment was found, there is not a scintilla of evidence that the public ever made any claim in, or did any act assuming any right in, the way question.

It therefore seems clear to us, that the evidence does not establish a prescriptive highway.

II. The evidence equally fails to establish a highway by dedication. To this end, two things are necessary, dedication by 2. —— by dedi- the owner, and acceptance by the public. *On-* cation. *stott* v. *Murray*, 22 Iowa, 457; *Wilson* v. *Sexon,* 27 id. 15; *Manderschid* v. *The City of Dubuque*, 29 id. 73; Washb. on Easements (2d ed.), 191, and cases cited.

It appears from the evidence that this lane was reserved by the adjoining proprietors for their own use, and that of their neighbors, as an outlet to their timber, and for a passage-way for their stock to the range on the river.

It seems, therefore, that if dedicated at all, it was dedicated as a private way, of which no length of use will make a public way. Washb. on Easements (2d ed.), 184, and cases cited. The acceptance on the part of the public may be shown by general public use, or by taking charge of and repairing the highway by the proper authorities. *Onstott* v. *Murray*, 22 Iowa, 457, and cases cited; Washb. on Easements, 191, and cases cited. We have already seen that there has not been a general public use of this way. During a period of twenty-five years, the only jurisdiction exercised over this lane by the public authorities, was to permit one of the witnesses for the State, who

seems to be principally interested in maintaining this road, a short time before this prosecution was commenced, to work out a tax of fifty cents thereon. This fact alone, it seems to us, would not make the road forever after, until legally vacated, a charge upon the road district in which it was situated. And if it would not, it did not constitute it a public highway, and the defendant is not liable, under the indictment, for obstructing it.

The motion for a new trial, on the ground that the evidence does not support the verdict, should, in our opinion, have been sustained.

Reversed.