The State v. Green.

AFFIRMED.

THE STATE v. GREEN.

1. **Highway**: PRESCRIPTION. To establish a highway by prescription, there must be an actual public use, general, uninterrupted, and continued for ten years under claim of right.

2. ———: DEDICATION. To constitute the dedication of a highway to the public, an intention to that effect must be evinced as well as an act of dedication and acceptance by the public.

3. ———: ———. The maintenance of gates and bars across a travelled way indicates an absence of intention to dedicate the way to public use.

*Appeal from Dubuque District Court.*

MONDAY, DECEMBER 13.

THE defendant was indicted for the crime of nuisance in obstructing "a certain public road and ancient highway" in Dubuque county. He was convicted and sentenced to pay a fine of ten dollars and costs, and to stand committed until paid. Defendant appeals.

*Graham & Cady* for the appellant.

The use of a road by the public must be under a claim of right to constitute it a public highway by prescription. (*State*

*v. Tucker*, 36 Iowa, 485; Wash. on Easements, 177; *Keys & Crawford v. Tait*, 19 Id., 123.) Use is only presumptive evidence of dedication; the nature of the right exercised by the public must also be considered. (*Onstott v. Murray*, 22 Iowa, 45.) No length of use of a private road will make it a public highway. (Washburn on Easements, 191, 184; *Hall v. McLoud*, 2 Met. (Ky.), 98; *State v. Tucker*, 36 Iowa, 487.)

*M. E. Cutts, Attorney General,* for the State.

DAY, J.—I. The road in question is three quarters of a mile long, and runs across the lands of defendant, of John Noel and of John Kinsinger, from Noel's landing on the Mississippi River, to the Gears' ferry road. Noel's land adjoins defendant's on the east, and Kinsinger's adjoins Noel's on the east. The defendant's and Kinsinger's lands, over which the road passed, are inclosed, the defendant's being timber land. Noel's land is pasture land, inclosed, and there is a fence across the road with a gate, at the point where the road reaches Noel's land, from the defendant's. At Noel's house, the road is fenced upon both sides, forming a lane, at one end of which is a gate and at the other a pair of bars. There is also a gate where the road leaves Noel's premises, and enters upon those of Kinsinger. So that the road in question runs over uninclosed land, except where it crosses Noel's premises, upon which it is obstructed at four points by gates and bars. The road has been traveled from the year 1846, to the present time, but there have been bars or gates across it on Noel's land for at least sixteen years, and there was a fence across it between Noel's and the defendant's premises in 1846. The Minnesota Packet Co's boats used to land at Noel's landing, fifteen years ago, but there is proof of but one boat landing there within the last fifteen years. The public travel the road in the winter, when they can cross the river on the ice. The road was used for hauling lumber from the river, and hauling wood down to the river. The landing is a wood market for people in the neighborhood who haul wood down in the winter, and boats take it to the

Dubuque and Galena markets. John Noel owns the Noel landing, and, from the testimony introduced on the part of the State, he seems to be the only one aggrieved by the obstruction in question. He testifies that he cannot tell of any one who went through on this road in the summer time, except his own family.

. The court instructed the jury as follows: "4th. Ten years' continuous use and occupation of a road as a public highway,

1. HIGHWAY: make it such by prescription." This instruction
. prescription. omits an element essential to the acquisition of a highway by prescription. To establish a highway by prescription, there must be an actual public use, general, unin-terrupted, continued for the period of the statute of limitations under a claim of right. *State v. Tucker*, 36 Iowa, 485, and authorities cited. It is not meant that every one who travels the road must do so asserting and declaring that he has a right to do so, but the use must be of such a character, and attended with such circumstances, as to evince a claim of the public of the right to do so. This claim might be evidenced by exercising jurisdiction over the road, working it, or expend-ing money in its repairs. Unless the use and occupation are attended with circumstances, or are in themselves of such char-acter as to evidence a claim of right, no title by prescription can be acquired. The giving of this instruction was error, which, in view of the peculiar character of the road, and of the use to which it was subjected, must have greatly prejudiced the defendant.

II. The court instructed the jury that "the continued use of a road uninterruptedly for twenty years is evidence of a

2. ——: ded- dedication of the road by the owner of the land,
ication. and estops him from denying the same." This instruction is erroneous. To constitute a good dedication, there must be an intention and an act of dedication, and an acceptance on the part of the public. *State v. Tucker*, 36 Iowa, 485, and cases cited. This instruction leaves out of view both knowledge of the use on the part of the owner, and acceptance by the public. A title by prescription may be acquired by uninterrupted use under claim of right, with the

knowledge of the. owner. But when dedication is sought to be proved from use alone, it must appear that the owner knew of the use. *Daniels v. The Chicago & Northwestern R'y Co.,* 35 Iowa, 129, and cases cited.

III. · As the judgment must be reversed for the reasons assigned, it is not necessary that we should consider the sufficiency of the evidence to support the verdict. We cannot, however, see how the jury could find that a road had become a public highway, either by prescription or dedication, which, at the only point where it does not pass over uninclosed land, is, and from the very earliest use of the road always has been, obstructed by bars and gates, and upon which the public has never expended anything in work or repairs. It seems to us that the existence of such gates and bars alone sufficiently show that the public use was not under a claim of right, and that there was no · intention to dedicate the traveled track, as a public highway. See Washburn on Servitudes and Easements, *133, and cases cited. The other facts in the case strongly tend to show that the road in question is a mere private way, used by the neighborhood only in the winter season, when the river can be crossed on the ice, and then only by the mere sufferance of the three persons over whose land the road passes. See *State v. Tucker, supra.*

REVERSED.