TIMOTHY FAIRCHILD, Appellant, v. WILLIAM STEWART, Appellee.

**Right to a Way of Necessity: RUNS WITH LAND.** A purchaser of land takes the same subject to a right of way thereover by necessity, existing at the time of purchase.

*Not affected by prior contract of seller.* The right to a way of necessity over the lands of a grantor existing in favor of the grantees because the land granted is surrounded partially by the land of the grantor, and elsewhere by the land of strangers, is not affected by a contract of sale of part of the surrounding lands of the grantor, made prior to the conveyance to the grantee, and of which he had no notice.

**Highways:** *Prescription held not shown.* A road leading from a river to a highway was used by those owning adjoining lands to haul wood and stone, but this limited use was not under a claim of right, and the road did not lead to anywhere in particular; there being no bridge at the place where it approached the river. The road was never used by the public to any extent, and a part of it was always rough and unsafe for general use. *Held* insufficient to establish a highway by prescription.

SAME: *Dedication and acceptance.* Such facts were also insufficient to show a dedication of the road to public use, and an acceptance thereof.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

SATURDAY, APRIL 12, 1902.

ACTION in equity to restrain the defendant from closing a road leading to the plaintiff's premises. Judgment for the defendant, from which the plaintiff appeals.— *Reversed.*

*W. J. Baldwin* and *T. M. Fairchild* for appellant.

*Ranck & Bradley* and *Ralph Otto* for appellee.

SHERWIN, J.—The plaintiff is the owner of a tract of land lying some distance northeast of the highway running west to North Liberty. The defendant owns property abutting this North Liberty road. There is no regularly laid out highway to the plaintiff's land, but since the early settlement of that locality there has been a track or road from the North Liberty road, across the defendant's land, down to and over the plaintiff's land, and on to the Iowa river, which the plaintiff claims has become a public highway by prescription and dedication. Neither of these contentions can be sustained. To establish a highway by prescription there must be a general uninterrupted public use under a claim of right continued for the statutory period. *State v. Tucker*, 36 Iowa, 485; *State v. Green*, 41 Iowa, 693; *Gray v. Hass*, 98 Iowa, 502. There is nothing of the kind shown in this case. The most that is shown is that the road in question was used as a wood road by the few persons owning timber land adjacent thereto which could not well be reached from another direction, that parties sometimes went through there hunting cattle, that the neighbors living nearer the river traveled it some, and that it was used to some extent by teams going to the state quarries. There has never been a bridge over the river where it could be reached by this road. While there seems to have been a ford near there in an early day, it is not shown to have been used by the public to any extent, and, indeed, the whole record shows that part of this road, at least, was always rough and unsafe for general use. Moreover, it does not appear from the direct evidence nor from just inference that the limited use of this road was under a claim of right. It led to nowhere in particular, and its limited use seems to have been permissive rather than otherwise. What we have already said applies with equal force to the claim of a dedicated highway. The evidence wholly fails to show a dedication to public use.

The mere fact that neighbors and those owning adjoining lands were permitted to use it for hauling wood and an occasional load of stone or produce falls far short of showing a dedication to public use, and, furthermore, if such a dedication were shown, there is not sufficient evidence of its acceptance by the public to establish a highway. *State v. Tucker*, *State v. Green* and *Gray v. Hass*, *supra*.

The plaintiff bought a part of the land to which the road in controversy gives access from the defendant's father and grantor. The rest of his land, as we understand the record, he purchased of the heirs of one Elwood. When he bought of Dr. David Stewart there was not, nor is there now, any way to reach the land so bought except over this road, or over the land of others where there is no road. The road out through the defendant's land had then been used as a traveled way forty years or more. For a good many years prior thereto gates had been maintained at different points on the road from the North Liberty highway to the house on the Elwood land, and these gates seem to have been put there for the accommodation of the neighbors who desired to use the road either way. At one time the defendant locked the gate on his premises, but gave the plaintiff one of the keys to the lock, so that he might pass through it at will. During the life of Mr. Elwood, and while living on the premises now owned by his son, the defendant, Dr. Stewart used this road east over the Elwood land, and testifies that he and Mr. Elwood mutually agreed that each should have a way over the land of the other; Elwood to get out to the North Liberty road, and Dr. Stewart to go east to visit his patients. In view of the facts which we have related, and others which appear in the record, we think the claim of the plaintiff that he is entitled to a way of necessity to the land bought of Dr. David Stewart should be sustained. Such a way exists where land is granted which is either wholly surrounded by land of the grantor or partially by

such land, and elsewhere by land of strangers. In such a case, if there be no other way to the land, the law presumes that it was the intention of the parties that the grantee should have access to it over the land of the grantor, and he has a way across such land in order to make it available. *Ward v. Robertson,* 77 Iowa, 159; *Forrest Milling Co. v. Cedar Falls Mill Co.,* 103 Iowa, 633; *Collins v. Prentice,* 15 Conn. 39 (38 Am. Dec. 61); *Brown v. Berry,* 6 Cold. 98; *Pettingill v. Porter,* 8 Allen, 1 (85 Am. Dec. 671); *Wissler v. Hershey,* 23 Pa. St. 333; *Kimball v. Railroad Co.,* 27 N. H. 448 (59 Am. Dec. 387); *Lore v. Stiles,* 25 N. J. Eq. 381; *Bass v. Edwards,* 126 Mass. 445; *Cheney v. O'Brien,* 69 Cal. 199 (10 Pac. Rep. 479); 19 Am. & Eng. Enc. Law, 96.

The defendant claims to have in fact purchased before the sale by his father to the plaintiff, although his deed was not made until afterwards. However this may be, when he made the alleged contract the way was used as much or more than it has been since, and, beside the plaintiff's rights cannot be affected by contract of sale of which he had no notice, the title then standing in his grantor.

The plaintiff is entitled to a private way over the defendant's land for the ordinary purposes of travel to and from the land purchased of Dr. David Stewart, and substantially as such way existed when he bought.

The judgment is REVERSED.