O. B. DICKINSON v. E. E. CROWELL AND LUCRETIA CROWELL, Appellants.

**Notice of Easement.** A decree partitioning the interests of co-ten-ants and establishing in one a right of way over the land of the other constitutes constructive notice of such easement to a purchaser, though the deeds of the co-tenant and his grantees make no reference thereto.

**Right of Way: DESIGNATION: ACQUIESCENCE.** Where a right of way has been decreed over the lands of another, it is not necessary for the parties to expressly designate its location, but is sufficient if a right of way is used and acquiesced in. Evidence examined and held to show selection and acquies-cence with sufficient definiteness.

*Appeal from Buchanan District Court.*—HON. FRANKLIN C. PLATT, Judge.

SATURDAY, APRIL 11, 1903.

IN 1870, Merrick, O. B., and A. D. Dickinson acquired the S. E. ¼, N. E. ¼, of section 5, township 89, range 9, in Buchanan county.   Upon the death of Merrick Dickinson, the other two, his sons, inherited his share.   In 1883 the partition thereof was left to arbitrators who found that O. B. Dickinson should have as his share the west one-half of said forty, including "the right of way to be given" by A. D. Dickinson and his assigns, forever, "from the highway on the east of said land through the land awarded to A. D. Dickinson"; that is, the east half of the forty acres.   A decree was entered partitioning the land accordingly.   Subsequently the parties united in a sale of south ten acres of the entire tract.   In 1890 A. D. Dickinson conveyed his fifteen acres to Foreman, under whom, through mesne conveyances defendant Crowell claims.   In none of these deeds is the right of way mentioned.   Crowell fenced the land in 1900, and the plaintiff seeks in this action to have the said way established as against defendants, and to restrain them from interfering with him in its free use.   The relief prayed was granted, and defendants appeal—*Affirmed.*

*Cook & Leach* for appellants.

*Holman & French* for appellee.

LADD, J.—The forty acres were for many years unfenced and uncultivated.   The south ten acres was sold to Davis.   The west half of the remainder now belongs to the plaintiff.   Between it and the highway is the other half, which is the property of the defendants.   That the plaintiff was awarded the right of way across the east fifteen acres in partition proceedings between himself and brother A. D. Dickinson in 1883 is not questioned.   That decree stipulated "that said O. B. Dickinson shall take, have, and hold the west half of the southeast of the northeast quarter of section five (5), township eighty-nine (89), range

nine (9) west, and a right of way from the highway east of said southeast northeast to said premises, over and across the east half of southeast northeast of section five (5)." But no mention is made of this easement in the conveyance of A. D. Dickinson or others under which defendants hold title, and they had no personal knowledge until long after their purchase.

Were defendants charged with constructive notice of the easement awarded in this decree? As contended, there were no deeds from the one tenant in common to the other executed or recorded. The decree severed their interests, and set apart the portions to be held and enjoyed by each as definitely as could conveyances. The plaintiff was awarded (1) the west half, and (2) a right of way over the east half, by means of which to have access to it. The latter was not a lien on the property, as seems to be assumed by appellant, but "a service which one estate owes to another, or the right of doing something or having the privilege in one man's estate for the advantage and convenience of the owner of another estate." *Karmuller v. Krotz*, 18 Iowa, 352. It was an easement less than plaintiff's interest as a tenant in common, and yet derived through inheritance and the conveyance to the three Dickinsons. Being an easement, rather than a lien upon land, the statute did not require it to be noted in the lien index or index of all liens kept by the clerk. For this reason the cases cited by appellant are not in point. See *Barney v. McCarthy*, 15 Iowa, 510; *Thomas v. Desney*, 57 Iowa, 58; *Cummings v. Long*, 16 Iowa, 41. In all of these a stranger to the title was seeking to establish a lien, which must have been indexed to carry constructive notice. Here the defendant traces his title through plaintiff and the decree of partition. At one time the land belonged to the three Dickinsons in common, and, as defendants acquired their title through one of them, they were bound to inquire into the proceedings

*1. Notice of easement.*

through which the one obtained the title which was formerly in three.    In other words, defendants, in deraigning their title, must have looked to this decree as forming one of the muniments in the chain through which they claim. It is one of the indispensable links in tracing it back to the government.    The rule generally prevails that, if a party cannot make out a title but by a deed or other instrument or record which leads him to the knowledge of another fact, he will be deemed to have knowledge of that fact.    Says Mr. Washburn: "In regard to the extent to which a purchaser is bound by constructive notice, and what a purchaser by a subsequent deed is bound to know, the rule is that the law imputes to such purchaser a knowledge of all the facts relating to said land appearing at the time of his purchase upon the muniments of title which it was necessary for him to inspect in order to ascertain the sufficiency of such title.    *   *   *   What would be constructive notice in such cases may be said to be a knowledge by the purchaser of some facts which would put him upon inquiry, and require him to examine other matters that would generally unfold the true title." 3 Washburn Real Property (5th Ed.) pp. 347, 348. See, also, *Loring v. Grooner*, 110 Mo. 632 (19 S. W. Rep. 950). This decree could not have been read to ascertain the portion of the land awarded to A. D. Dickinson without discovering that a right of way across it was reserved therein to the plaintiff, and therefore of this fact the defendants are charged with knowledge.

II.    Appellant insists, however, that the right of way has never been established, and, as more than ten years have elapsed since the right thereto accrued, this action is barred by the statute of limitations.    Undoubtedly, A. D. Dickinson, as owner of the servient estate, might have laid out the right of way over his land in a manner best suiting his conveni-

2.  RIGHT of way: designation: acquiescence.

ence, provided he at the same time secured to the plaintiff the full enjoyment of his easement, and upon his refusal so to do the plaintiff could have exercised that power. Teideman on Easements, section 608. But there is no evidence of any such designations of the way. Nor do we think this was necessary. If they agreed upon its location or if a way was used and acquiesced in by both for so long a time that this should be treated as equivalent to an agreement, it is sufficient. *Karmuller v. Krotz,* 18 Iowa, 352; *Wynkoop v. Burger,* 12 Johns 222; *Tabbutt v. Grant,* 94 Me. 371 (47 Atl. Rep. 899); *Gardner v. Webster,* 64 N. H. 520 (15 Atl. Rep. 144).

A careful examination of the record has convinced us that a well-defined road, referred to by the witness as the "ridge road," passing through defendant's land a little north of the middle of the forty to that of plaintiff, has existed and been used since 1865, and that it was practically the only track through the timber which could be traveled at all seasons of the year. For thirteen years previous to the partition proceedings, and during several years subsequent thereto, it was the one mainly traveled by the Dickinsons in hauling out wood—the only purpose for which they entered · upon the land. Near the south end was an irregular way, by which, when the ground was frozen or very dry, the neighbors often went over the land to that beyond, and at times plaintiff used it when he could reach the highway by going a shorter distance with his loads. Because of the swampy character of the ground, this was not ordinarily passable. There was also a track several rods north of the ridge road, which ran into it near the division line. And no doubt people generally drove over the land wherever they pleased, for it was never cultivated or fenced until purchased by the defendants. The particular road mentioned, however, was that ordinarily traveled by the Dickinsons, in using their wood lots both before and after the

decree of partition, and by plaintiff up to the time the land was fenced, and, in view of their situation and the condition of the land and the purposes for which held, it appears to have been as definitely selected and acquiesced in as the circumstances demanded. The plaintiff testified that he supposed "all the time that was the one," though defendants insist that he did not even know he was entitled to the easement. The evidence does not sustain this contention, though he admitted that he did not know, when talking with defendants in 1901, "whether any right of way had been established at any particular place on the land." As counsel have had some difficulty in settling this point, such admission ought not to be construed against one unlearned in the law. We are content in stating our conclusions without pretending to review the evidence in detail. It is not entirely satisfactory or free from doubt, but, in view of the character of the land and the manner of its use, the finding is certainly reasonable, and consistent with the weight of the evidence. That said disposes of the plea of abandonment.—AFFIRMED.