JOHN T. RATER, Appellant, v. J. H. SHUTTLEFIELD, Appellee.

**Easements:** WAY BY NECESSITY: EVIDENCE. Where the land of a grantee is wholly surrounded by land of the grantor, or partially by the grantor's land and elsewhere by land of strangers, if there is no other way to the land granted the law presumes it to have been the intention of the parties that the grantee should have access to it over the land of the grantor, and he is entitled to a way across such land to make his own available, which is known as a way by necessity. In the instant case the evidence is held to sustain a finding that defendant was entitled to, and had used for many years as a matter of necessity, the way in question over plaintiff's land.

**Same:** COSTS: APPORTIONMENT. Where the plaintiff sought to restrain the use of an alleged way over his land claiming that defendant had no right whatever to use the same, and on that issue was defeated, he was not in a position to complain of the court's equal apportionment of the costs.

**Easements:** WAY BY NECESSITY: DUTY TO KEEP SAME CLOSED: INJUNCTION. Where the court found, as in this case, that defendant was entitled to a way by necessity over plaintiff's land, the injunction granted, in so far as it required defendant to maintain reasonably sufficient gates, and to use reasonable care to close them whenever he or his employees had occasion to use the way, or whenever he might discover that they had been negligently left open by others, was proper; but in so far as he was required by the decree to answer for the acts of trespassers in that regard or for the negligence or malicious mischief of others the decree was improper.

**Same:** DETERMINATION OF EASEMENT. Where a party has a way by necessity over the land of another the easement terminates with the necessity for the same, by reason of the construction of another way affording a reasonably convenient outlet.

**Same:** PRESCRIPTIVE RIGHT OF WAY. A right of way having arisen by necessity, the possession and use of the same is always referable

. to that right alone, and can not be made the basis of a prescriptive right thereto.

**Apportionment of costs:** DISCRETION.   An equal apportionment of the costs in this case is sustained over the objection of defendant, although on the main proposition the court found for the defendant, as that question is largely a matter of discretion with the trial court and no abuse of such discretion is shown.

*Appeal from Davis District Court.*—HON. D. M. ANDER-SON, Judge.

TUESDAY, MARCH 15, 1910.

ACTION in equity to enjoin the use by defendant of an alleged way over plaintiff's land.   The court found the defendant entitled to a way by necessity, but enjoined him from leaving open the gates and bars where said way enters and leaves the plaintiff's premises.   The costs were apportioned between the parties.   Both parties have appealed, but, the plaintiff's appeal being first perfected, he only will be designated in the record as appellant.— *Modified* and *affirmed.*

*Jno. F. Scarborough* and *Payne & Goodson,* for appellant.

*C. W. Ramseyer* and *H. C. Taylor,* for appellee.

WEAVER, J.—In the year 1855 John T. Rater was the owner of a tract of three hundred and twenty acres of land in Davis County.   There is some question in the record whether there was at that time any public highway affording access to the premises, but the evidence tends to show that the Bloomfield-Ottumwa state or county road then crossed the northeast corner thereof.   But if, as plaintiff contends, such road was not laid out until a year or two after the date named, we think it would not

materially affect the right of the parties herein. During that year Rater conveyed to Bernhardt Shuttlefield eighty acres from the west side of his said tract. The part so sold had no outlet to a highway except by passing for some distance over the land retained by Rater or over the land of strangers to the transaction. In the year 1882 Shuttlefield obtained title to other land on the south which cornered on another highway, but access thereto it is claimed was cut off by a stream which rendered its use impracticable. Rater died in 1871, and was succeeded by his heirs, who appear to have retained the ownership in common until the year 1902, when the plaintiff herein, and his sister, Mrs. Rouch, acquired the entire title. Since then plaintiff has become the sole owner. Bernhardt Shuttlefield died in the year 1904, and the defendant as his heir is now the owner of the eighty acre tract and other lands of which his father was seised. In the year 1855, and for some years thereafter, the lands were generally unfenced and travel from one part of the neighborhood to another usually followed the most convenient course without much reference to the lines of the highways. There was, however, from the first or soon after the inception of Shuttlefield's ownership of the eighty acre tract a way or path in quite constant use leading from his residence northeasterly to the Bloomfield-Ottumwa road, and crossing the northwest corner of the Rater land. When Rater and Shuttlefield fenced their premises, gates or bars were put in where this way entered the Rater land on the west and north.

In the year 1907 contention arose between plaintiff and defendant over the alleged negligence of the latter in leaving the gates open, and this trouble culminated in the commencement of the present action in equity. It is the plaintiff's claim that the use of this way by the Shuttlefields and others visiting or having business with them has been permissive only, and that, such permission hav-

ing been revoked, he is entitled to have its further use enjoined. The defendant pleads various defenses—that the way is by prescription a public road; that the granting of such way was one of the considerations of the original purchase by his father of the eighty acre tract; and that under the circumstances the outlet in question gives him the right to such way by necessity. The court found for the defendant on the latter ground, but made no finding upon the other defenses pleaded. It also found that defendant had been negligent with respect to the gates, and enjoined him against leaving them open or permitting others to do so.

I. The controlling questions presented are those of fact, and with these settled the rules of law applicable thereto are few and simple. We shall not enter upon any minute analysis or review of the testimony which at some points is quite sharply in conflict. The evidence by its greater weight tends to show that the way now in dispute was opened and used by the Shuttlefields from the time of the purchase of the eighty acres or soon thereafter down to the year 1907—a period of about fifty-two years—and that during all of said period no objection was made to such use. On the contrary, the consent, if not the recognition of the right, to such use, was evidenced by the maintenance of gates at its points of entrance and exit from the Rater premises. The Shuttlefield eighty acre tract is and has at all times been isolated from the public roads. If the subsequent acquisition of other land on the south had afforded a practicable outlet to a highway in that direction, it would have given a different aspect to this case, but it is shown with reasonable certainty that the way in that direction is at all times difficult, and for several months in each year is impracticable and substantially impassable. While defendant sometimes crosses the lands of others to a highway on the west, he does so without other right

*1. EASEMENTS: way by necessity: evidence.*

than that of license or consent of the owners which may at any time be revoked or denied. There is also a railroad right of way crossing his land from north to south and by entering upon this right of way and following it to a sufficient distance in either direction he may reach a public road. Defendant's mail box is placed on the Bloomfield-Ottumwa road, and he reaches it by the way in controversy. This way is the one by which visitors and those having business with defendant usually reach his residence. It is plainly marked, and, while it may have diverged somewhat at times, its general course and outline had been substantially unchanged for a long time when disagreement between the parties arose in 1907. A sister of the plaintiff who owned a joint interest with him in the Rater land for more than thirty years testifies that her personal recollection of the situation dates from the year 1860, during all which period she had intimate knowledge of the premises, and that at all times from 1860 the road had remained practically unchanged, and was continuously used by the Shuttlefields. To use her language: "As far back as I can remember the Shuttlefields have used that road, and as far back as I can remember it was the only outlet they had off from their place. . . . It was always my understanding, I never knew anything else but what that was their road." Indeed, the testimony of this witness concerning the situation down to 1907 is very generally corroborated by most of the witnesses.

The case has been somewhat complicated by the circumstance that from an early day and prior to 1855 a neighborhood road or wagon way departed from the Bloomfield-Ottumwa road at or near the point where the way now claimed by the defendant terminates upon said road, and followed a southwesterly course through the western portion of the Rater land not far east of the Shuttlefield line. This road was principally used by farmers and

others hauling coal, and later, when that traffic ceased
and the lands were fenced in, it was in a large measure
abandoned, except so far as it coincided in the northern
part of its course with the way used by the Shuttlefields,
who continued to travel it. This circumstance is of no
special importance, except as it offers an explanation of
some apparent confusion in the recollections of the wit-
nesses. Many other circumstances having more or less
bearing upon the issues appear in evidence, but we find
no occasion for their further exposition. The record as a
whole satisfies us that the trial court's findings of fact
as stated in a written opinion filed in the case are sub-
stantially correct; that at the time of the sale of the eighty
acres by Rater to Shuttlefield said land had no outlet
to a public road without passing over the lands of third
parties, except by a way leading over a part of the Rater
land, and that such condition has existed without sub-
stantial change to the present time; that the parties to
said transaction and their grantees recognized the right of
Shuttlefield to the use of said way for a period of more
than fifty years; that said way is not a mere way of con-
venience, but a way of necessity to the use and enjoyment
of the land so conveyed, and the decree appealed from
in so far as it confirms and establishes such right is
just and equitable. We · think it unnecessary to enter
upon a review of the authorities on the question when a
right of way by necessity arises, for the law is well
settled and counsel differ but little on the ultimate propo-
sitions. It is sufficient to say that the governing rule is
clearly set forth in *Fairchild v. Stewart,* 117 Iowa, 734,
and other cases there cited.

Appellant makes strenuous objection to the order of
the trial court apportioning the costs. There
is no error here of which he can complain.
He brought and prosecuted his action on the
theory that defendant had no right whatever to the use

2. SAME: costs: apportion-ment.

of the way, and on this, the principal matter in issue, the decree was against him. An equal division of the cost is certainly the very most he can fairly ask under such circumstances.

II. We come now to the matter of the defendant's appeal. After placing upon the defendant the duty of closing the gates whenever he had passed through them and enjoining him from leaving them open, the decree proceeds as follows:

3. EASEMENTS: way by necessity: duty to keep same closed: injunction.

The court further finds that the way in controversy is a private way for the use of the defendant and those passing to and from defendant's farm, and that it is obligatory upon the defendant to see that the gates and bars are kept so that plaintiff's stock will not be permitted to escape. The defendant is responsible even though the gates and bars are left open by others going to and from his farm. He, the defendant, must see that they are kept closed. . . . It is therefore ordered, adjudged, and decreed that the defendant be, and he is hereby, permanently and perpetually enjoined and restrained from leaving the gates and bars open upon the way in question where the same enters and leaves plaintiff's premises, except only when such gates and bars are used in passing through them to travel over the way in question, that defendant is hereby strictly required to see that said gates and bars are maintained and kept closed at all times, except only while they are opened to permit persons to pass through them and over said private way to go to or away from said defendant's farm, this duty is required of and enjoined upon defendant, even though said gates and bars are being used by others going through said gates and bars over said private way to or from said defendant's farm, that said defendant is responsible, and it will be a violation of this injunction if said gates and bars are at any time left open, even though they or either of them should be left open by some one other than defendant. It is obligatory upon the defendant to see that gates and bars are maintained and kept so that plaintiff's stock will not

be permitted to escape through or over said gates and bars, and away from plaintiff's premises.

We are quite clear that this portion of the decree holds defendant to an unreasonable degree or responsibility— an obligation which renders the right elsewhere accorded him by the decree of little if any practical use or value, and the relief granted by the one hand of the court is in effect withdrawn by the other. Literally construed, it would hold the defendant liable for the plaintiff's own act of negligence. It requires him to answer for the negligence and wantonness of the world in general, and for negligence or malicious mischief of mere trespassers. No authority or principle of law is cited or suggested to uphold this provision of the decree. It is proper and right that defendant should be held to strict care to maintain reasonably sufficient gates and to close the same with reasonable care whenever he or those under his employment or control have occasion to use the way. It would also be his duty if he discovers the gate or gates left open by the act or neglect of another to close them again and to use all reasonable diligence to avoid unnecessary injury and annoyance to the plaintiff, but beyond that the court should not compel him to go. He is not a trespasser in using the way nor is he an insurer of the plaintiff against injury by strangers when his neglect or wrong has in no manner contributed thereto, and in this respect the decree should be modified.

Appellant also asks us to hold him entitled to the way as an easement by prescription, if not otherwise. We are content to leave the decree of the trial court in this respect unchanged. It is by no means improbable that in due time a public highway will be laid, by which defendant may have a direct outlet from his land without the necessity of further

4. SAME: determination of easement.

burdening the plaintiff's premises for his benefit, and, when that time arrives, he should cheerfully surrender the privilege he now enjoys.

Moreover, it would seem that, where he has once obtained a way by necessity, no length of user, so long at least as the necessity continues, could have the effect to create an easement by prescription. In other words, the right of way having arisen by necessity, the possession and use thereof was always referable to that right alone, and could not be made the foundation or ground for the assertion of a higher right, and would cease when the necessity ceased. If plaintiff's contention that the necessity, if it ever existed, ceased in the year 1882 were found to be true, it is possible that the court could find that an easement in the way has since been acquired for the benefit of the defendant's land, but, that fact not having been established to the satisfaction of the court, the defendant's right of way continues as it began—a way by necessity—and will expire whenever he acquires another practicable outlet to a highway. In this connection we may say that the fact that before the lands of the neighborhood were fenced defendant could find exit in different directions across the open prairie, or that he may now by the revokable license or permission of other landowners cross their premises in reaching a highway, do not constitute any reason for denying him the way by necessity over the Rater land. He is entitled to a way which he can use as a matter of legal right, and not be compelled to rely upon one which is given as a matter of grace, and may be at any time closed to his use.

*5. SAME: prescriptive right of way.*

The defendant also protests against the taxation to him of one-half the costs of the trial below. The court did perform a somewhat heroic operation of apportionment, but we are not prepared to say it was wrong. It is fairly

apparent from the record that this is one of those cases where neighbors allow trifling annoyances which ought to be handled in a spirit of mutual kindness and

**6. APPORTION-MENT OF COSTS: discretion.**

forbearance to excite their animosities to a point where nothing will be conceded save at the price of a lawsuit fought to the bitter end; and, while we find with the defendant upon the chief matter in dispute, we think the trial court was justified in holding that he did not take proper care to keep the gates closed, and that with a little effort on his part this troublesome litigation might have been avoided. It was an appropriate case for the court to exercise its power to apportion the costs and the order as made indicates no abuse of discretion.

We therefore conclude that the decree of the district court should be modified upon the defendant's appeal so as to relieve him from responsibility for the acts and omissions of other persons not in his employment or under his control, and that, as thus modified, it be affirmed. The costs of the appeal will be taxed to the plaintiff.—*Modified and affirmed.*