C. R. ROBBINS, Appellant, v. J. B. ARCHER, Appellee.

**Easements:** RIGHT OF WAY: FORFEITURE: INJUNCTION. Where the purchaser of a tract of land also acquired from his grantor, as a part of the consideration, a road thereto over other land belonging to the grantor, for such time as he should keep the gates opening into the same closed, the easement thus acquired could not be forfeited at the pleasure of the grantor or his grantees; but only upon breach of the condition upon which the easement was granted.

The evidence is held insufficient to show a breach of the condition and plaintiff is entitled to a protection of his rights in the easement by mandatory injunction, as against defendant's arbitrary closing of the way granted and tender of another way which plaintiff was under no obligation to accept.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, JUNE 16, 1910.

SUIT in equity to enjoin defendant from obstructing a private right of way, and to compel him to remove certain obstructions therefrom. Damages were also claimed because

of the alleged obstruction. Defendant pleaded forfeiture of plaintiff's rights, if he had any, by reason of failing to comply with the conditions upon which the same was granted, denied plaintiff's right to the easement, and further pleaded that he was not entitled to relief in equity. The trial court gave plaintiff judgment for the sum of $1, and in effect dismissed the petition insofar as it asked equitable relief. Plaintiff appeals.—*Reversed* and *remanded*.

*G. B. Haddock* and *William M. Jackson,* for appellant.

*E. A. Pace* and *McCoun & Burrell,* for appellee.

DEEMER, C. J.—In the year 1908 plaintiff purchased the farm now used and occupied by him from one Jesse Clark, and as part of the consideration therefor he, Clark conveyed to plaintiff the right of way in question over other lands belonging to Clark. The language of this conveyance was as follows: "Chauncy R. Robbins to have the use of the road now used by Jesse Clark out to the street, not to be over sixteen feet wide, as long as he keeps the gates closed."

The road thus conveyed and referred to while over other lands belonging to the grantor Clark is sufficiently identified by the testimony. The deed which conveyed the land and this right of way was duly acknowledged and recorded on the 8th day of November, 1900. Plaintiff immediately went into the possession of the premises conveyed, and commenced using the road and continued in the use and occupancy of the same until defendant, who had purchased the land over which the right of way was granted, fenced the same, and denied plaintiff's right to use it. He told the plaintiff, however, that he could use another right of way across his, defendant's farm, but, as this was not acceptable to plaintiff, he, plaintiff, commenced this action to compel the removal of the obstructions and

for damages. The conveyance of the right of way was conditioned upon plaintiff's keeping the gates closed, and it is contended that the right was forfeited for breach of this condition. The trial court found that there was no such breach of condition, but denied the injunction because defendant had offered another right of way across his land which gave plaintiff access to his property. That plaintiff was given the right to use the road in question, and that such right was based upon a good and adequate consideration, is practically conceded, and it makes little difference in so far as this controversy is concerned whether it be called a license or an easement. In either event it was not forfeitable at pleasure, but only for good cause; i. e., breach of the condition upon which it was granted. The trial court found there was no such breach of condition, and with this conclusion we are agreed. As the deed granting the right was recorded, and as plaintiff was in possession of and using the same when defendant purchased from Clark in the year 1906 his, defendant's, purchase was subject to plaintiff's rights, and defendant has no greater rights in the premises than his grantor Clark would have had.

Defendant concedes that he built fences across the right of way so granted; but claimed that, as he offered plaintiff another right of way which was adequate, plaintiff was bound to accept it in lieu of the one granted, or, if not bound to accept, that he could not have a mandatory injunction for the opening of the way granted, but must be confined to an action for damages. It is true that defendant did offer plaintiff another way, but plaintiff refused to accept it because it was over low ground and "seepy places," rendering it unpassable in wet weather, whereas the right of way given him by his deed was always passable. The trial court evidently found one road was as good as the other, and, proceeding upon the theory that the action was for trespass, denied the equitable relief

asked on the theory that plaintiff had not suffered, and would not suffer more than nominal damages. In this we are constrained to hold there was error. Plaintiff was granted the use of a definite road in order to reach a named street. That grant was part of the consideration for his conveyance, and to it he was entitled. It was not for defendant to take it away and say that another was as good or even better than the one granted. Without his consent plaintiff should not be deprived of the right of way granted. He did not at any time consent to accept the substitute; and he is entitled to protection in equity, although he may not be able to show any advantage to himself in retaining the use granted. He had a license or easement, call it what you will, and a court of equity will protect it. *Brown v. Honeyfield,* 139 Iowa, 414. If the action were simply for a single trespass or for damages alone, doubtless defendant's contentions would be worthy of consideration; but they are not applicable to the case as it is presented by the record now before us. The right of way granted by the deed is clearly and certainly identified, and it is shown to be the one bargained for by plaintiff. He is entitled to have it and not some other which defendant has seen fit to tender even if that other be not as good as the one tendered. That a mandatory injunction will lie to protect a license or easement over the land of another is well settled by authority. See in addition to the case already cited, *Attorney-General v. Algonquin,* 153 Mass. 447 (27 N. E. 2, 11 L. R. A. 500); *Willoughby v. Lawrence,* 116 Ill. 11 (4 N. E. 356, 56 Am. Rep. 758); Pomeroy's Equity Jurisprudence, section 1342, and cases cited.

The cases cited by appellee's counsel are not in point as they refer either to actions of trespass or to actions other than the protection of a definite easement or license. The judgment must be reversed, and the cause remanded for a decree in harmony with this opinion,—*Reversed and remanded.*