HENRY H. CASSENS, Appellee, v. FRED MEYER, Appellant.

**Real property:** EASEMENT BY NECESSITY. A highway easement by necessity generally arises only in favor of the grantee as against the grantor, and consists of the right to an outlet over the lands of the grantor, if the grantee has no other outlet; so that the purchase of land from an adjoining owner for an outlet to a public highway is not such an easement.

**Same:** APPURTENANT EASEMENTS: CONVEYANCE OF SAME. Where the grantee purchased a right of way from his own land to a public highway for the express purpose of an outlet, and which was essential to the enjoyment of his property, he thus acquired an easement appurtenant to his land; and a warranty deed of the land to which the easement was appurtenant, though containing no direct reference to the way, was sufficient to grant the easement.

*Appeal from Keokuk District Court.*—HON. K. E. WILKOCKSON, Judge.

THURSDAY, FEBRUARY 8, 1912.

SUIT in equity to enjoin interference with a private roadway. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*F. H. Goeldner* and *D. W. Hamilton,* for appellant.

*H. F. Wagner,* for appellee.

EVANS, J.—The parties are adjacent landowners. Their

controversy is over a private roadway along a partition line. The roadway in question extends north and south. It is twenty-four feet wide and one hundred and sixty rods in length. It connects the buildings and improvements upon plaintiff's farm with the public highway. Only the west half—that is, the west twelve feet—of the roadway is in controversy, being that portion thereof lying on the west side of the partition line. The plaintiff became the purchaser of the farm and improvements now referred to, about two years before this controversy arose. His rights, if any, are dependent upon prior transactions had between his grantor, one Michel, and the defendant, Meyer. In order to arrive at the plaintiff's rights, if any, we must therefore go back to these earlier transactions.

Plaintiff's grantor, Michel, originally acquired the roadway in question about the year 1894 by purchase from the then two adjoining owners. These owners were the defendant, Meyer, on the west side, and one Adrian on the east side. He acquired a strip twelve feet wide from each, thus making the original partition line between them the center line of his roadway. Michel was at that time the owner of the E. ½ of the N. W. ¼ of a certain section 16, and other contiguous lands to the south and east. His improvements were located in the northwest corner of his farm. He had no outlet to any public highway. One Adrian owned the land adjoining him on the north and described as the E. ½ of the S. W. ¼ of section 9. Adjoining Adrian's land on the west was the land of defendant, Meyer, as heretofore indicated. A highway ran east and west along the north line of the Adrian land and turned north at his northwest corner.

The deed executed by defendant, Meyer, to Michel contained the following reservation: "To be used as a private road only. In case of abandonment of same as a private road, said road to revert to grantors." In January, 1902, Michel conveyed back to the defendant, Meyer, the

same strip of land with the following reservation: "The said grantor reserves the right to use said strip of land as a private road." The following rough diagram, though not drawn to a scale, is sufficiently accurate for the purpose of our discussion. The circumstances leading up to this

reconveyance were that, in 1901, defendant, Meyer, became the owner of the Mohler land, which appears upon our diagram as lying directly west of the Michel land. The defendant occupied this Mohler land by tenants who had occasion to use this private road jointly with Michel. Thereupon defendant, Meyer, proposed to bear one-half the burden of the same and purchase back the strip in question with the reservation above stated. Such purchase did not result in any change of use or possession of such strip. Prior to this transfer and in February, 1901, Michel had purchased the Adrian land. On the day of such purchase he sold to the plaintiff herein the N. ½ of such Adrian land, except the strip of roadway. In January, 1907, the plaintiff purchased all the Michel land, including the Adrain land. The plaintiff and the defendant, Meyer, through his tenants, continued to use the private roadway

in question, in common, until the summer of 1909. At that time the defendant denied the right of the plaintiff to any use of the west twelve feet thereof, and he proceeded to erect a fence along the center line of the roadway. The plaintiff obtained a temporary injunction against him, and this was made perpetual upon final hearing. It is conceded by both parties that the effect of the conveyance as between Michel and defendant, Meyer, was to create an easement in the strip in controversy. It is the first contention of appellant that such easement was an easement by necessity, and that, because the necessity therefor had ceased, the easement itself had therefore ceased. The fact upon which this argument is based is that the plaintiff is the owner not only of the original Michel land shown on the diagram, but is the owner also of the Adrian land which abuts upon the public highway. Appellant's further contention is that the easement created by the reservation in the last deed from Michel to Meyer was an easement in gross and was personal to Michel and was not appurtenant to his land; that the easement therefore ceased when Michel himself ceased to use it. The deed from Michel to the plaintiff was an ordinary warranty deed conveying the land by appropriate description, but it contained no direct reference to the private roadway nor to the appurtenant easement. The contention of appellee is that the easement was appurtenant to the land and that a conveyance of the land by warranty deed was sufficient to carry the easement as an appurtenance thereto.

While the necessity for an outlet to the highway was the occasion for the purchase of the private roadway by Michel, it is not correct to say that the easement thus

1. REAL PROPERTY: easement by necessity.

acquired was an easement by necessity. Easements by necessity constitute a distinct class recognized in equity. Generally speaking, they arise only in favor of a grantee as against his grantor, and consist of a right to the grantee of outlet over the

lands of his grantor, if the grantee has no other outlet. *Rater v. Shuttlefield,* 146 Iowa, 512. Clearly this is not a case of that kind. We need therefore give no further attention to the authorities cited by the appellant on the proposition that an easement by necessity ceases with the necessity.

Was the easement in question appurtenant to the land of Michel? The first presumption is in favor of the affirmative on this question. Where the nature of the ease-

2. SAME:
appurtenant
easements:
conveyance
of same.

ment is not disclosed by the specific language of the reservation, such reservation must be construed in the light of the circumstances surrounding the parties when it was made. Clearly, Michel had no use for the roadway in question except to connect the particular land with the public highway. The use of the roadway was essential to the advantageous use of the farm. If the right to use this roadway would cease with the sale of the farm by Michel, then was Michel deprived of a market for the sale of his farm? To our minds the easement was clearly appurtenant to the land.

If appurtenant, a warranty deed to the land was sufficient to convey it to the plaintiff. The case is ruled at all points by our previous decisions. *Teachout v. Capital Lodge,* 128 Iowa, 380; *Karmuller v. Krotz,* 18 Iowa, 352; *Moll v. McCauley,* 83 Iowa, 681; *Reed v. Gasser,* 130 Iowa, 87. To the same effect, see *Lidgerding v. Zignego,* 77 Minn. 421 (80 N. W. 360, 77 Am. St. Rep. 677); *Winston v. Johnson,* 42 Minn. 398 (45 N. W. 958); *Lathrop v. Elsner,* 93 Mich. 599 (53 N. W. 791). This holding is in harmony with the construction which the parties themselves put upon the contract, for more than two years after the acquisition of the Michel farm by the plaintiff.

The decree of the trial court was right, and it is, accordingly, *affirmed.*