J. H. BAGLEY et ux., Appellees, v. LOU PETERMEIER et al., Appellants.

No. 46037.

June 15, 1943.

F. E. Northup, of Marshalltown, for appellants.

E. N. Farber and R. A. Rockhill, both of Marshalltown, and William L. Hassett, of Des Moines, for appellees.

Oliver J.— Appellees, J. H. Bagley and Stella A. Bagley, own the Northeast Quarter of the Northwest Quarter of Section 32, and two forty-acre tracts south and southeast thereof. Appellants, Lou Petermeier and Edward Petermeier, own the South one half of the Southwest Quarter of Section 29. The east forty acres of the Petermeier eighty lies directly north of and adjoins the Bagley forty, first above described. Along the west line of said sections is a road, known as Melbourne Highway. For many years the only means of access to this highway from the Bagley land was a twenty-foot right of way through the Petermeier land.

Prior to 1927, a railroad line ran in a northwesterly direction diagonally through the southwest corner of the Petermeier land and across Melbourne Highway. This left a triangular tract of a few acres in the southwest corner of said land, separated from the main body.

Originally the right of way or lane started at the northwest corner of the Bagley forty and ran west along the south twenty feet of the Petermeier land until it reached the railroad. The right of way did not cross the railroad but swung to the northwest and ran beside the railroad diagonally to Melbourne Highway.

The record history of this right of way starts in 1891. Siebert, then the owner of the Petermeier eighty, deeded said twenty-foot strip to A. Poffenberger (the Bagleys' remote grantor) for a stated consideration of $55, "* * * for road purposes. To revert back to said farm [the Petermeier eighty] when ceased to be used for said purposes." About the same time Siebert conveyed the Petermeier eighty to the Petermeiers' remote grantor "subject to a right-of-way 20 feet in width [describing it] for road purposes, as per contract with A. Poffenberger, to revert to grantors when ceased to be used for said purposes." A similar exception appears in each subsequent deed to the Petermeier land, except the deed to the Petermeiers, who acquired their title in 1917, in partition proceedings following the death of their mother, the last previous owner. All the foregoing instruments were recorded.

The right of way was fenced on each side and was regularly used by occupants of the Bagley land. In 1927 the railroad abandoned the line intersecting the corner of the Petermeier farm and the railroad right of way reverted to said farm. At that time Joe Halter was in possession of the Bagley farm, which was then owned by his wife and sister-in-law. Halter testified one of the Petermeiers suggested that the west end of the lane (right of way) be changed and placed at the south side of the Petermeier eighty, which "would be better for him and better for us." Halter told him "it was immaterial to me where the road was, just so we had a road there." Shortly thereafter the diagonal part of the right-of-way fence was changed by the Petermeiers so that the lane, after reaching the abandoned railroad line, continued straight west across it to Melbourne Highway. This made the lane straight and somewhat shorter, and consolidated with the Petermeier eighty the triangular tract, which theretofore had been cut off therefrom.

For most of its length the right of way or lane remained as established in 1891.

In 1935 Highway 64 was constructed. That highway runs southwest across the Bagley land and intersects Melbourne Highway one-half mile south of the Petermeier right of way. However, the use of the right of way, as changed, continued until 1939, when the Petermeiers closed the lane to traffic and removed the eighty rods of fence which they had previously maintained on the north side thereof. Thereafter, the Bagleys brought this action.

The foregoing is a recital of the facts necessarily found by the trial court, which we regard as essential to the decision. In an action at law tried to a court such findings have the effect of the verdict of a jury. It is sufficient to say the same are supported by substantial evidence. Hence we adopt them.

Appellants' principal argument is predicated upon the theory that the right of way became a way of necessity which terminated in 1935, when the necessity therefor was terminated by the construction of Highway 64, which afforded the Bagley land another outlet. The principle relied upon is that where a tract of land, separated from the highway by other lands of the grantor and third persons, is conveyed, there arises, by implication, in favor of the grantee, a way of necessity across the premises of the grantor to the highway, which easement terminates on the termination of the necessity by the construction of a road affording the grantee other reasonably convenient outlet. Fairchild v. Stewart, 117 Iowa 734, 89 N. W. 1075; Rater v. Shuttlefield, 146 Iowa 512, 125 N. W. 235, 44 L. R. A., N. S., 101; 17 Am. Jur. 959, 960, section 48.

In this case appellees' remote grantor secured the Bagley land from one source and the right of way by grant and for a consideration from a different source. The right of way was an easement, permanent in nature, appurtenant to the Bagley land. It subsequently passed to appellees through mesne conveyances of the Bagley land. It was not a way of necessity. Cassens v. Meyer, 154 Iowa 187, 134 N. W. 543; Thul v. Weiland, 213 Iowa 713, 239 N. W. 515; Dawson v. McKinnon, 226 Iowa 756, 285 N. W. 258; Levine v. Chinitz, 233 Iowa 212, 8 N. W. 2d 735.

Appellants concede the right of way was not originally a way of necessity, but contend it became such in 1927 when appellants straightened the west end thereof. Thereafter, say appellants, the possession and use by the owners of the Bagley land of the right of way was based upon necessity, and was permissive only, and the use and maintenance thereof, from 1927 to 1939, by said owners and appellants respectively, would furnish no basis for a claim of right to continue such use after the construction of Highway 64 in 1935.

We do not agree with this contention. Although neither the owner of the dominant estate nor the owner of the servient estate may ordinarily change the location of all or part of a right of way, established by grant, without consent of the other, the location may be changed by mutual consent of both parties and such consent may be implied from their acts and acquiescence. 17 Am. Jur. 988, 989, sections 87, 88; 28 C. J. S. 733, 763, 764, sections 65c, 84, 85.

Appellants, for their own convenience, substituted the new (west) part of the right of way for the old. They fenced it and maintained the fence for twelve years. It may be assumed the recited conversation between Joe Halter and Petermeier was not legally binding upon the owners of the Bagley land and that the latter did not expressly agree to the change. However, they acquiesced in the change made by appellants and used the entire right of way, including said substituted portion, for twelve years. Though not legally obligated to do so, they, in effect, consented to accept the substitute. Robbins v. Archer, 147 Iowa 743, 126 N. W. 936. Their use was not merely permissive. Nor was it based upon necessity. It was in consideration of and based upon the rights granted the Bagley land by the original grant to Poffenberger.

Just when the acts and acquiescence of the parties became equivalent to an agreement, so that neither thereafter could have undone the change, need not be determined. Dickinson v. Crowell, 120 Iowa 254, 94 N. W. 495. In any event, appellees' rights in the easement, as modified, became fixed after ten years' acquiescence by both parties in the change. See Thompson v. Schappert, 229 Iowa 360, 294 N. W. 580.

The conclusion of the trial court that the owners' of the Bagley land have the same rights in the modified right of way as they formerly had in the original grant is sustained by the record.

Appellees' motion to dismiss the appeal or to strike certain divisions of appellants' brief is overruled.—Affirmed.

All JUSTICES concur.