TOWN OF POLK and another, Appellants, vs. GILBERT and others, Respondents.

*November 9—December 5, 1950.*

For the appellants there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the respondent Lillian Hahn there was a brief by *Sell & Mathiowetz* of Milwaukee, and oral argument by *M. H. Sell*.

For the respondent J. R. Mann there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Robert L. Mann* of counsel, all of Milwaukee, and oral argument by *Mr. Mann*.

GEHL, J.   There was testimony that for the purpose of removing ice from the lake and for bathing and fishing the strip had been used for many years; and that horse-drawn

vehicles and automobiles had been driven over it particularly for those purposes; that cars had been parked upon it; that some years ago a pier had been built over the lake and from the strip, and that the pier had been used by fishermen and bathers.

On the other hand, there was testimony, some of it from plaintiffs' witnesses, that there was no traveled track on the strip indicating that cars or horses had used it to reach the lake; that there were trees upon it and to cross it by automobile "you sort of wiggle in between trees" (this also from one of plaintiffs' witnesses) ; that it was covered with brush, junk, and debris and that at least since 1946 it has not been possible to drive over the strip; that the contour of the ground was such as to make automobile travel impossible. No maintenance or repair work has ever been done on the land by either township.

We consider that an issue of fact was made by the pleadings and the evidence,—the question whether the parcel had actually been used by the public for highway purposes,—and conclude that the preponderance of the evidence is not contrary to the trial judge's finding that it had not been so used. We must follow the finding. *In re Village of Chenequa,* 197 Wis. 163, 221 N. W. 856.

The learned trial judge described its character and use as follows:

"Here we would have a highway eighteen (18) feet in length and of undetermined width leading from County Trunk Highway 144 to the water's edge of Cedar lake. The town board or the authorities that laid out the town highway extending west from 144 apparently did not lay out this little patch to the east of 144 as a public highway. Perhaps they showed good judgment in not doing so and there is no evidence whatever in the case that the town authorities ever did any work by way of improving this patch of ground for highway purposes, so that it can no way be considered as an extension of the town highway. The town authorities evi-

dently avoided making it a highway. Whether it was the possibility of liability that might result or whether they regarded it as useless as part of the highway system, does not appear. At any rate, the evidence shows that on two separate occasions automobiles were driven east along the town highway across 144 and plunged into the waters of Cedar lake and had to be pulled out backward. If it were a highway, it would have to be a one-way highway for practical purposes and one car entering the highway would occupy the complete length of the highway and if it were designated as a one-way highway the law would have to be violated in order to get the car out of the highway. A highway is for the purposes of travel and there is no evidence in this case that the general public used this piece of land for the general purposes of travel. It leads nowhere, to no place that the general public would be interested in going to and returning from."

The character of the strip is not such as to make it available for travel, nor is there a lack of evidence to sustain the court's conclusion that it has not been used for highway purposes.

". . . a road, to become a highway, must be so situated and so conditioned as to be available to the traveling public." 29 C. J., Highways, p. 374, sec. 5.

"The mere fact that neighbors and those owning adjoining lands were permitted to use it for hauling wood and an occasional load of stone or produce falls far short of showing a dedication to public use." *Fairchild v. Stewart,* 117 Iowa, 734, 736, 89 N. W.1075.

From these authorities we must conclude that in order for the public to acquire a prescriptive right to a parcel of land as a highway, the land must be of such character as to make it usable as a highway and that it must have been primarily so used. The showing of the plaintiffs does not meet this test.

*By the Court.*—Judgment affirmed.