EDWARD LONG vs. JOANNA FEWER.

Submitted on briefs April 21, 1893. Decided April 27, 1893.

**Deed Construed to Grant an Appurtenant Easement.**

> A deed construed, and *held* to grant, as appurtenant to the premises conveyed, an easement for alley purposes in adjoining land.

Appeal by defendant, Joanna Fewer, from a judgment of the District Court of Hennepin County, *Frederick Hooker*, J., entered May 28, 1892.

On July 3, 1857, John Kopp owned lots nine (9) and ten (10) in block twelve (12) in Bottineau's Addition to St. Anthony. The lots lay side by side in the southwest corner of the block. Each was sixty-six (66) feet front on Marshall street, and one hundred and fifty-seven and a fourth feet deep. Kopp divided up the two lots into four by cutting off the rear forty-five and a fourth feet as one lot, and making next to it an alley twelve feet wide, and making three lots of the residue fronting on Marshall street, each forty-four (44) feet front by one hundred (100) feet deep. The subdivision is shown on the map.

The middle lot of the three which front on Marshall street, Kopp and wife on that day (July 3, 1857) sold and conveyed to Charles Ende. The deed was not artfully drawn. Its material terms are recited in the opinion. On May 2, 1883, Ende conveyed to the plaintiff, Edward Long. On April 8, 1858, Kopp and wife conveyed to defendant the adjacent lot on the south and the one east of the alley. Afterwards on December 5, 1887, John Kopp, then a widower, quit-

claimed all his interest in the original lots nine (9) and ten (10) to the defendant Joanna Fewer. She afterwards in August, 1890, fenced up the twelve foot alley, claiming that plaintiff had no easement in, or right of passage over it. He commenced this action to compel her to take down the fence, and to enjoin her from obstructing the alley. The issues were tried April 30, 1891. Findings were made and judgment for plaintiff entered thereon. Defendant appeals.

*Geo. R. Robinson*, for appellant.

Defendant insists on this appeal that the language used in the conveyance to Ende under which plaintiff claims, viz. "reserved by John Kopp," excludes any implication of a grant. Defendant concedes, that if the conveyance had granted *to* an alley, an easement would have passed to the grantee, but a reservation in the legal sense is some right reserved out of the thing granted. Here the thing is not granted, but reserved, that is, retained, kept back.

*Koon, Whelan & Bennett*, for respondent.

The language of the deed from Kopp to Ende, and from Ende to the plaintiff, was sufficient to grant an easement of a right of way over the alley as an appurtenance to his lot.

Selling land and bounding it on an alley, which lies on grantor's own land, conveys a right of way over the alley. *O'Linda* v. *Lothrop*, 21 Pick. 292; *Parker* v. *Smith*, 17 Mass. 413; *Bedeau* v. *Mead*, 14 Barb. 328; *Smith* v. *Lock*, 18 Mich. 56; *Fox* v. *Union Sugar Refinery*, 109 Mass. 292; *Cox* v. *James*, 45 N. Y. 557.

It is claimed by defendant that the effect of the expression in these deeds, "reserved by John Kopp," destroys the easement which would have been granted if the land had been merely described as bounded on the alley. A deed is to be construed as a whole, or as has been well said, by "taking it by the four corners." The circumstances surrounding the making of it, may be taken into account. *Sanborn* v. *City of Minneapolis*, 35 Minn. 314; *St. Paul Union Depot Co.* v. *St. Paul, M. & M. Ry. Co.*, 35 Minn. 320; *Lovejoy* v. *Gaskill*, 30 Minn. 137; *Winston* v. *Johnson*, 42 Minn. 398.

The expression "reserved by John Kopp" evidently means set

apart, or set aside, by John Kopp, for use as an alley, as an appurtenance to, and for the benefit of, these sublots which he had carved out of the original tract. This is the only reasonable meaning that any one can give this expression used in the deed; whether he construes it entirely by the deed itself, or in connection with the circumstances surrounding the making of it. It is merely descriptive of the alley, and is an assurance from the grantor to his grantee, that the land embraced in it has been set apart as an alley.

MITCHELL, J. The only question in this case arises upon the construction of the granting clause in a deed from one Kopp to one Ende, plaintiff's grantor. Kopp owned the whole of lots nine (9) and ten (10) in block twelve (12) of Bottineau's addition to St. Anthony. These lots had a westerly frontage of 132 feet on Marshall street, and a southerly frontage of 157 feet on St. Peter street.

The grant in the deed from Kopp to Ende, which will be better understood in connection with the plat, was of "twenty-two (22) feet of the southwest corner of lot number nine, (9,) and twenty-two (22) feet of the northwest corner of lot number ten, (10,) in block number twelve, (12,) of Bottineau's addition to St. Anthony, as surveyed by John R. Marshall, Esq.; said described pieces and parcels of land all fronting on Marshall street, and running back from said street one hundred (100) feet to an alley, reserved by John Kopp. Said alley is twelve (12) feet wide, and said alley to be used as such, said alley to be used for no other purpose. It commences on St. Peter street, one hundred feet from Marshall street, and running through said lots nine (9) and ten (10) of said block."

The land in controversy is the twelve-foot strip referred to in this deed as an alley. Plaintiff claims an easement in it for alley purposes, under the deed to Ende. On the other hand, defendant, under a subsequent deed from Kopp, claims to be the owner in fee simple absolute. Her claim is based wholly upon the strict literal meaning of the word *"reserved,"* used in the deed to Ende; and numerous lexicographers are cited to the effect that "to reserve" is to "retain," "hold back," or "except;" and hence it is urged that to construe this deed as granting an easement would be to convert a reservation into a grant. But the day is past for adhering to technical or literal meanings of particular words in a deed or other contract

against the plain intention of the parties as gathered from the entire instrument. Examining the language of this deed in the light of the situation of the property and the parties it is perfectly apparent that the expression "reserved" was not used in the sense of excepting something. Kopp was the absolute owner of the entire premises, and, had it been his intention to grant only the 44 by 100 feet, the most natural thing for him to do would have been to have said just that, and nothing more. If he had described the 44 by 100 feet as bounded by an alley, without adding anything else, the law is well settled that the deed would by implication have passed an easement in the alley. But what was here added was evidently intended as descriptive of the alley, and as an assurance to the grantee that the strip described had been set apart by the grantor for alley purposes as appurtenant to and for the benefit of the abutting sublots into which he was dividing the land. This is the only reasonable construction that can be placed on it.

Our opinion, therefore, is that the deed granted, as appurtenant to the premises conveyed, an easement for alley purposes in the land in dispute.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1071.)