L. McCoy, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

**DEEDS:** Exceptions and Reservations—Easements Appurtenant to Land. 1 A reserved right in a conveyance which is not in its very nature temporary and personal will always be held an easement running with the land, in the absence of some controlling provision to the contrary, even though no words of inheritance are employed. Intention overrides technical distinctions between "exceptions" and "reservations."

PRINCIPLE APPLIED:   Some four acres of land were conveyed to a railroad company. The grantor's deed was absolute in form, except this reservation:   "We reserve the right of using the water from said premises for stock purposes."   The actual purpose of the conveyance, though not otherwise shown by the deed, was to enable the railway to construct a reservoir in which to store water for its engines, for which purpose the company might have condemned the land.   Had condemnation been resorted to, the owner would, by statute (Sec. 1996, Code, 1897), have had the right of access to the water. *Held*, the reserved right to use the water was appurtenant to the land.

**WATERS AND WATERCOURSES:** Conveyances and Contracts— 2 Reservation of Mutual Rights—Effect. When different parties have mutual right of access to the waters of a reservoir, each must

so exercise his right as not to unreasonably interfere with the rights of others. So held where a landowner, having right of access, unreasonably allowed his stock to pollute the waters of a reservoir, the waters of which were also used by a railway company for its engines.

DEEDS: Exceptions and Reservations—Construction—Practical Construction—Evidence. On the question whether a reservation of water rights in a deed was a right appurtenant to, and therefore running with, the land, or was a right purely personal to the grantor, evidence of the long continued use of the water by a subsequent grantee of the land is admissible as bearing on the practical construction which the parties themselves had given to the reservation.

WATERS AND WATERCOURSES: Easements—Abuse of Easement. Record reviewed and held not to show that plaintiff, holding a right of access to a reservoir of water as a right appurtenant to certain land, had abused the right by using the right as appurtenant to *other* lands.

WATERS AND WATERCOURSES: Easements—Abuse of Easement— Rights and Remedies. One who suffers a legal wrong may not take the remedy into his own hands to the extent of depriving another party of an admitted right, and escape a claim for damages. So held where a railway company deprived a landowner of his admitted right of access to a reservoir because of the landowner's abuse of the right.

*Appeal from Monroe District Court.*—C. W. VERMILION, Judge.

THURSDAY, JANUARY 13, 1916.

REHEARING DENIED FRIDAY, MAY 5, 1916.

ACTION in equity to enjoin the defendant from depriving the plaintiff of the use of a certain pond or reservoir of water for the use of his live stock. There was a decree as prayed, and defendant appeals.—*Modified, Affirmed* and *Remanded.*

*Cook, Hughes & Sutherland,* for appellant.

*John T. Clarkson,* for appellee.

WEAVER, J.—The plaintiff owns a farm of 185 acres in Monroe County. The defendant's line of railway runs substantially east and west, along or near the south line of plaintiff's farm. In the year 1886, plaintiff's grantors, then owning the above mentioned farm, conveyed to the railroad company an irregular tract of 4.14 acres, carved out of said farm on the south side thereof. The use for which said tract was purchased is not mentioned in the conveyance, but it is admitted to have been for the purpose of constructing and maintaining thereon a pond or reservoir in which to store water for the use of the railway company in its locomotives. Such reservoir was in fact constructed, and has since been maintained by defendant. The deed of this tract, while otherwise full and unconditional in form, contained a reservation in the following words: "We reserve the right of using the water from said premises for stock purposes." The location of the premises and of the railway, together with the irregular tract conveyed, will be more readily understood by reference to the following plat:

The petition, after stating the foregoing facts, alleges that said reservation was made for the purpose and with the intent to retain and preserve in the grantors and their successors in the title to said farm the perpetual right to make use of the water in said reservoir for the watering of the live stock kept, used or pastured thereon, and that such right has always been recognized and respected by the defendant until in August, 1910, when it interfered with and obstructed plaintiff's access to the water by surrounding it with a fence, thereby depriving plaintiff of the use and benefit of said reserved right or easement, to his injury and damage.  He prays, therefore, a decree permanently enjoining defendant from building or maintaining such fence, or otherwise interfering with plaintiff's proper use of said water.  The defendant denies the right of plaintiff to the use of said water, and alleges that the reservation in the conveyance of such tract was personal to the grantors and did not pass to their subsequent grantees of the farm.  It further alleges that plaintiff had permitted his horses, cattle and swine to enter, wade and wallow in said reservoir, thus rendering the water unfit for defendant's use, thereby compelling defendant to construct the fence to protect itself against injury from plaintiff's wrongful and negligent acts.  By way of cross-petition, defendant also asks that plaintiff be enjoined from allowing his stock to contaminate the water and from interfering in any way with defendant's use thereof.

The trial court construed and interpreted the reservation in the deed to the reservoir tract as creating a right or easement appurtenant to the farm owned by plaintiff and running with the land in the hands of said grantors and their successive grantees, and enjoined the defendant from erecting or maintaining a fence which will exclude or prevent plaintiff from using said water for stock purposes, and ordered the removal of the fence, or so much thereof as will permit free access by plaintiff's stock to the water held in the reservoir

upon said described tract. It also assessed damages in plaintiff's favor for $500. Defendant's cross-bill was also dismissed.

I.   We have first to consider whether, by the terms of the deed to the defendant, a right was reserved or created in the nature of an easement for the benefit of the farm out of which the tract for the reservoir was carved. No particular form of words is required to create an easement or right upon or over one tract of land for the benefit of another. More often than otherwise, such an interest is reserved or created where the owner of a tract of land conveys away a part of it, and in so doing reserves or excepts from the effect of his deed some stated right or privilege in the part sold, for the benefit of the part unsold. Considerable learned discussion has been indulged in by some of our law writers upon the nice distinction to be drawn between an exception and a reservation in a deed of conveyance; and it is true that those words are not altogether synonymous and, under some circumstances, the distinction may have an important bearing. We think, however, that the question whether a right reserved, excepted or created is one which runs with or is annexed to the land or is one of a temporary or personal character, is not ordinarily to be determined by the use of either of these words, but the intent of the parties is to be ascertained by looking to the entire instrument and the circumstances attending and characterizing the transaction which the writing witnesses. "Exception" and "reservation" are frequently treated and construed as interchangeable or equivalent terms. *Hamlin v. New York & N. E. R. Co.,* 160 Mass. 459; *Inhabitants of Winthrop v. Fairbanks,* 41 Me. 307.

To use the language of the Minnesota court:

"The day is past for adhering to technical or literal meaning of particular words in a deed or other contract against the plain intention of the parties as gathered from the entire instrument." *Long v. Fewer* (Minn.), 54 N. W. 1071.

1. DEEDS: exceptions and reservations: easements appurtenant to land.

See also, *Coudert v. Sayre,* 46 N. J. Eq. 386; *Steiner v. Peterman* (N. J. Eq.), 63 Atl. 1102.

This court has held that a reservation of a right of passage in a conveyance of a right of way to a railway company creates an easement appurtenant to the remaining land of the grantor, and not a mere personal privilege. *Morrison v. Chicago & N. W. R. Co.,* 117 Iowa 587. To the same effect are *Teachout v. Capital Lodge,* 128 Iowa 380, and *Cassens v. Meyer,* 154 Iowa 187. In the last cited case, the reservation was simply, "The grantor reserves the right to use said strip of land as a private road," a form of expression which, strictly construed, with reference only to the technical meaning of the words, would necessarily be held to provide or create nothing more than a personal privilege; but, when construed with reference to the circumstances of the transaction, we held it to create an easement.

The circumstances here to be considered are not difficult of comprehension. The railway company desired this land for reservoir purposes. The owner of the farm of which it was a part had little choice in the matter; for, under the statute, the company could proceed to condemn the tract (Code Section 1996). Should condemnation be had, the same statute provided that it should not be held to deprive the landowner "of access to the water or the use thereof, in common with the company, on his own land." This statutory right would, of course, be appurtenant to the land, and not a mere personal privilege. If, then, the owner, instead of waiting for a condemnation which he was powerless to prevent, saw fit to make a voluntary conveyance, it is unreasonable, in the absence of some clear statement to that effect, to suppose that he would reserve a less complete or less substantial right than the company would have been compelled to grant him had condemnation been had. The language of his reservation, as we have already seen, is broad and comprehensive enough to evidence an intention to create a continuing easement. It was a right of manifest importance to the farm

from which the reservoir tract was taken, naturally adding to its convenient use and to its value. Indeed, there is nothing whatsoever, either in the language employed or in the circumstances attending the transaction, to suggest the idea that it was intended as a reservation of a mere personal right. It is quite generally and reasonably held that a reserved right, in a conveyance which is not in its very nature temporary and personal, will always be held an easement running with the land, in the absence of some controlling provision to the contrary. The rule is usually stated to be that, while an easement in gross,—that is, personal to the grantors,—may be reserved in a conveyance of land, it will not be presumed when it can be fairly construed as appurtenant to some other estate. Washburn's Easements, 45; *Lidgerding v. Zignego* (Minn.), 80 N. W. 360; *Cassens v. Meyer,* 154 Iowa 187, 191.

An examination of the many cases which have affirmed the existence of an easement in land because of a clause or provision in a deed of conveyance indicating such intention will show that, in much the greater number, such finding is based on a reservation clause substantially such as we have here to deal with. It is true that in many earlier cases it was held that, to have this effect, words of inheritance should be used; but except in very few jurisdictions, that doctrine is no longer adhered to, and effect is given to the intent of the parties as gathered from all the pertinent evidence. *Teachout v. Capital Lodge,* 128 Iowa 380, 384; *Karmuller v. Krotz,* 18 Iowa 352, 358.

In *Stone v. Stone,* 141 Iowa 438, 442, an authority is cited which seems to announce the contrary rule, but we do not understand that opinion as applying that doctrine to the case then in hand. In *Inhabitants of Winthrop v. Fairbanks,* 41 Me. 307, 314, the reservation was as follows: "reserving to *myself* the *privilege* of passing with teams and cattle across the same to land *I* own south of the premises;" and yet it was held to create an easement appurtenant to the land of the

grantor. The same was held in *Burr v. Mills,* 21 Wendell (N. Y.) 290, where the grantor reserved the right "of raising water for the benefit of *my* sawmill." In none of them were words of inheritance used in making the reservation. While there are cases applying a more strict construction against the grantor, we think they are out of harmony with the great weight of authority. We therefore hold with the trial court that, by the terms of the deed under which the defendant holds title, the reservoir tract is the subject of an easement appurtenant to the land from which it was taken.

II. Starting, then, with the assumption that plaintiff, as owner of the dominant estate, is entitled to access to the water for supplying the needs of his live stock, and that defendant, as grantee in the deed, is entitled also to use the water for all proper purposes, it follows, as a matter of course, that they must exercise their several rights, each with due regard to the rights of the other. The defendant may not lawfully exclude the farm owner from access to the water, and plaintiff may not wantonly or negligently destroy the water for defendant's use. We see no reason, in the situation as revealed in the record, why both parties may not have the reasonable use of the water intended by them at the outset, and neither of them sustain any substantial injury or disadvantage. It is clear enough that, in a pond or reservoir of small dimensions, in which herds of cattle and swine are allowed to gather, wade and wallow without hindrance or restriction, the waters may easily become unfit for use in locomotive boilers, and this is what defendant principally complains of, and its complaint has material support in the evidence. But we are of the opinion that plaintiff's live stock may be given reasonable access to the water for all their ordinary needs, without being permitted to roam through it at will. So, too, it ought not to be impossible or impracticable for the defendant to so protect and enclose the great body of the water as to preserve its reasonable purity for its intended

2. WATERS AND WATER-COURSES: conveyances and contracts: reservation of mutual rights: effect.

use, and yet leave enough open to the approach and use of the stock to answer all reasonable purposes and leave the bulk of the stored water unpolluted.    In other words, there is no good reason apparent why the defendant may not fence the reservoir to an extent sufficient to accomplish the purpose above indicated, taking care to leave open and accessible to plaintiff's stock sufficient water for its natural and reasonable needs.    This, we think, was the thought of the trial court in ordering the removal of the fence "or so much thereof" as will permit free access to the water.    Considering the apparent shape of this reservoir, it ought not to be a difficult problem to so cut off and separate from the main body of water some part thereof, as, for example, one or more of its arms or projections into the adjacent pasture, as to afford both parties full enjoyment of their respective rights without giving to either any just ground for complaint.    We have no criticism to make of the decree below in this respect, except that we think the court should have taken some measure to fix a definite line for such fence, the same to be maintained by the defendant so long as it chooses so to do, subject to the authority of the court to order a change therein if, by any future variation in the water level, such change shall be necessary to preserve plaintiff's right of access to the reservoir for stock purposes.    That this may be done, the cause will be remanded to the district court, with directions to appoint a competent surveyor or other person as referee to examine and report upon the situation, with plat showing the outline of the reservoir and the changes which the referee recommends in the fence erected by the defendant.    Upon this report, and such additional testimony as the court may in its discretion permit to be introduced, let a supplemental decree be entered which shall definitely locate the fence which defendant may maintain, and restrain defendant from otherwise interfering with plaintiff's use of the water, and also restrain plaintiff from encroaching upon the water outside of the barrier so erected.

III.    Complaint is made that the court permitted plain-

tiff to prove user as tending to show the alleged easement. We do not understand that the testimony was offered or admitted for that purpose. The evidence of continuous user from the date of the convey-ance, with the knowledge and acquiescence of the defendant, was competent as showing the practical construction which the parties had placed upon the reservation in the deed, and tending to show what was the intended effect of their agreement. There was no claim in the pleadings of an easement by prescription, and none was established by the decree. See *Roush v. Roush* (Ind.), 55 N. E. 1017, 1019; Jones on Easements, Sections 88–94.

3. DEEDS: excep-tions and reser-vations: prac-tical construc-tion: evidence.

IV. Appellant further objects that the court held the easement to be appurtenant to other and more land than belonged to the grantors at the time of the conveyance. We do not so understand the record. It does appear that, in addition to the 185-acre farm, plaintiff owned another farm of 200 acres in that neighborhood. But we find nothing in the record to indicate that plaintiff claims any right in the pond as appurtenant to the last-mentioned premises, or that the court so ruled. It is true that the evidence tends to show that, in the fall season, plaintiff sometimes takes cattle from his other lands and assembles and feeds them in the pasture adjacent to the reservoir, but we think this is no misuse of the easement. His right to use the water is in no manner dependent upon the number of cattle he may keep or feed on the land or upon the source from which he procures them, or whether he brings them from distant pastures or purchases them from strangers; but he cannot, of course, make use of the reservoir as a watering place for stock which is being kept and maintained on lands other than those to which the right is appurtenant.

4. WATERS AND WATER-COURSES: ease-ments: abuse of easement.

V. The only remaining question is upon the awarding of damages to plaintiff. It is defendant's contention that,

even if plaintiff had an easement as he claims, yet he abused it and unnecessarily interfered with defendant's use of the water, and it was therefore justified in fencing the reservoir, and there can be no recoverable damages arising from a rightful act.  To so hold is to say that a party who suffers a legal wrong may take the remedy into his own hands, even to the extent of depriving the other party of an admitted right.  If this rule ever obtains, it should certainly be restricted to cases where the remedy so applied is the only one which can effectively be employed, and the consequential interference with the alleged wrongdoer's rights is incidental only.  In the case before us, there was no such necessity.  The courts were open to defendant to prevent an improper use of the water by plaintiff; or if the emergency was such as to justify defendant in applying its own remedy, it could have built its fence, as we now say it may, in such manner as not to destroy plaintiff's reasonable use of the water.  In failing to do so, and in excluding plaintiff entirely from the reservoir, it is chargeable with a wrong for which damages are recoverable.

5. WATERS AND WATER-COURSES: easements: abuse of easement: rights and remedies.

As the objections raised by counsel are to its liability to such recovery at all, rather than to the amount of the recovery, we shall not extend this opinion to review the testimony upon that issue.  The finding of the trial court is fairly supported by the evidence on the part of the plaintiff, and the defendant saw fit to submit the case without offering any testimony on that issue.

It follows that the decree below will be modified as hereinbefore outlined and affirmed.  The case will, however, be remanded for a supplemental decree, as hereinbefore directed.
—*Modified* and *Affirmed* and *Remanded.*

Evans, C. J., Deemer and Preston, JJ., concur.