# CHARLESTON.

SMYTH et al. v. BRICK ROW REALTY Co. et al.

Submitted May 29, 1924.   Decided September 9, 1924.

EVIDENCE—*Oral Evidence Inadmissible to Construe Unambiguous Written Instrument; Oral Evidence Admissible to Ascertain Intention of Parties to Ambiguous Written Instrument.*

In construing a written instrument if the writing is not ambiguous it must speak for itself, by its words, without the aid of any oral evidence; but if it is ambiguous or doubtful of intention, oral evidence is admissible to show the occasion of the instrument, situation of the parties, circumstances surrounding them, and subsequent acts in executing the contract or deed, in order to ascertain their intention in making the paper.

(Evidence, 22 C. J. § 1570).

NOTE:   Parenthetical references by Editors, C. J.—Cyc.   Not part of syllabi.

Appeal from Circuit Court, Monongalia County.

Suit by William Barnett Smyth and others against the Brick Row Realty Company and others. From a decree vacating a temporary injunction, plaintiffs appeal.

*Reversed; injunction reinstated and perpetuated.*

*Cox & Baker* and *Donley & Hatfield,* for appellants.
*C. T. Herd* and *Moreland & Guy,* for appellees.

LITZ, JUDGE:

The bill, filed August rules, 1921, seeks to enjoin and restrain the defendants, Brick Row Realty Company, a corporation, and Gustave J. Cohen and Samuel Hammel, its chief stockholders, from obstructing the plaintiffs in their use of a passage way, five feet wide and eighty-seven and one-half feet in length, separating the property of the plaintiffs on the east from the property of the defendant Brick Row Realty Company on the west.

Being the owner of a rectangular lot of land at the northwestern intersection of Pleasants Street and Long Alley (now Chestnut street) in the city of Morgantown, fronting the street for 165 feet and the alley for 87½ feet, on the western part of which a brick apartment building had been erected, the Morgantown Building & Investment Company, by deed dated September 4, 1896, conveyed to S. A. Posten a vacant portion thereof described as follows:

> "BEGINNING at the northwest corner of the intersection of Pleasants Street and Long Alley, and running with the north line of Pleasants street, westward about 60 feet to a point 5 feet east of the eastern line of the brick apartment house owned by the grantor; thence in a line parallel with Long Alley, northward about 87½ feet to the line of a lot owned by the heirs of Albert Madeira, deceased; thence with the line of said Madeira heirs east ward to the western line of Long Alley, southward to the place of BEGINNING."

Immediately following the description of the grant, the deed provides:

> "But it is expressly understood that there shall be *reserved* a passageway adjacent to the brick apartment building aforesaid, 5 feet wide extending the full depth of said lot from Pleasants Street to the line of the Madeira heirs; and that the remainder of said lot lying eastward of such *passageway* is the part thereof herein conveyed, be the frontage more or less than 60 feet as aforesaid."

The land retained by the Morgantown Building and Investment Company on which the brick apartment had been

erected is now owned by the defendant, Brick Row Realty Company, under mesne conveyances emanating from the former corporation after its deed to Posten.

Having erected a frame warehouse or storeroom on the northern portion of the land acquired by this deed, facing Chestnut Street and the five foot passageway, S. A. Posten thereafter by conveyance of January 20th, 1897, granted to the plaintiff, Anna C. Camp, and Jesse E. Coombs, Amanda E. Camp and Dora B. Robinson the remainder thereof, lying five feet south of said building and described as follows:

> "BEGINNING at the northwest corner of the intersection of Pleasants Street and Long Alley, and running with the western line of Long Alley in a northerly direction about 61 feet to a stake 5 feet south of the frame building recently erected by the grantor, S. A. Posten; thence in a westerly direction in a line parallel with Pleasants Street and 5 feet from the above mentioned frame building about 60 feet to a stake in a line belonging to the Morgantown Building & Investment Company; thence in a southerly direction in a line parallel with Long Avenue about 60 feet to the north line of Pleasants Street; and thence with Pleasants Street in an easterly direction about 60 feet to the BEGINNING."

The deed provides:

> "But it is expressly understood that there shall be reserved a passageway adjacent to the brick apartment building belonging to the Morgantown Building & Investment Company 5 feet wide extending the full depth of the land hereby conveyed from Pleasants Street to the other lands of the grantor, and that the remainder of said lot lying eastward of such passageway and southward of the 5 feet reserved between the land hereby conveyed and the frame building of the grantor aforesaid, is the land herein conveyed, be the frontage more or less than 60 feet as aforesaid."

Soon after this conveyance the grantees erected on a portion of the lot conveyed a three story frame building, fronting on Pleasants Street and the five foot passage way in ques-

tion. In later years a garage building was constructed on the remaining portion of the lot.

Tracing title under the deed from Morgantown Building & Investment Company to S. A. Posten, and certain mesne conveyances, the plaintiff William Barnett Smyth is the owner of that part of the land, conveyed by the first deed, on which the store building was erected; and the plaintiffs, D. Jesse H. Camp, James Coombs and Anna C. Camp, are vested with title to the remainder thereof, conveyed by Posten to the said plaintiff Anna C. Camp and Jesse E. Coombs, Amanda E. Camp and Dora B. Robinson.

Since the construction of the bulidings upon the lands owned by the plaintiffs, they and their predecessors, with the acquiescence of the defendant Brick Row Realty Company and those under whom it claims, have used continuously the disputed passage way in connection with their occupancy of the said buildings and premises. The plaintiffs assert right of easement over this passage way upon the following grounds:

(1) That the deed from Morgantown Building & Investment Company to S. A. Posten unequivocally dedicated and set apart the strip of land as a passage way for the common benefit of the property therein conveyed, and the land retained by the grantor.

(2) But that if such intention from the face of the instrument be doubtful, then taking into account the nature and situation of the subject matter of the conveyance, the long, continuous use and exercise of the easement by the plaintiffs and their predecessors with the acquiescence of the Morgantown Building & Investment Company and those claiming under it, constitutes a practical construction of the deed binding upon the defendants.

(3) That plaintiffs, on account of this long, continuous use of the passage way, have acquired a right of easement thereover by prescription.

The defendants say that the intention of the deed to retain the passage way for the sole benefit of the grantor is plain on its face and, therefore, not subject to interpretation by the circumstances affecting its execution, or subsequent acts and conduct of the parties and their successors; and

that the sole purpose of expressly reserving the 5 foot strip was to make sure of its exclusion from the grant. This explanation is insufficient. The land conveyed had already been definitely defined and limited, so that it could not by any possibility encroach upon the 5 foot strip. Furthermore, if the reservation was solely for the benefit of the grantor this strip of land would have been reserved outright and not merely as a passage way. The deed was drawn by a layman, which accounts for the fact that more appropriate language was not used to show that the reservation was for the common benefit of the land conveyed and that retained by the grantor. However, one of the definitions given by Webster of the verb "to reserve" is "to set aside, or apart."

An easement may pass as well by implied as express grant. *Boyd* v. *Woolwine,* 40 W. Va. 283; *Rogerson* v. *Shepherd,* 33 W. Va. 307. This passage way was plainly beneficial and essential to the proper enjoyment of the land conveyed, and for all these years the parties concerned have treated it as appurtenant thereto. The defendants deny that the plaintiffs have by prescription acquired a right of easement over the passage way because it has been used in common by them and their respective predecessors. Whether so or not, which we do not decide, this common use by the parties owning the respective properties separated by the passage way is high proof of an intention in the deed that it should be so used.

Whether or not the deed on its face evinces a fixed purpose to reserve or dedicate the passage way for the common benefit of the properties conveyed and retained, it does not clearly exclude such intention. Of course, if the writing is not ambiguous it must speak for itself, by its words, without the aid of any oral evidence; but if it is ambiguous or doubtful of intention, oral evidence is admissible to show the occasion of the instrument, situation of the parties, circumstances surrounding them, and subsequent acts in executing the contract or deed, in order to ascertain their intention in making the paper. *Uhl* v. *Ohio River Railroad Company,* 51 W. Va. 106; *Chrislip* v. *Cain,* 19 W. Va. 483. The practical construction of contracts is that given to agreements by parties themselves by acts subsequently done with reference thereto, and such construction put upon the terms of the contract by the par-

ties is not only to be regarded, but where there is doubt, must prevail over the literal meaning of the contract.

A very similar case is that of *Long* v. *Fewer*, 53 Minn. 156, where a deed from Kopp to Ende, conveying a lot of land 100 feet by 44 feet, "reserved" a strip of land, separating the land granted and that retained by the grantor, designated "alley". The court held that the deed passed an easement in the "alley" appurtenant to the land conveyed, and in the course of its opinion said:

> "The land in controversy is the 12 foot strip referred to in this deed as an alley. Plaintiff claims an easement in it for alley purposes, under the deed to Ende. On the other hand defendant, under a subsequent deed from Kopp, claims to be the owner in fee simple absolute. Her claim is based wholly upon the strict literal meaning of the word 'reserved', used in the deed to Ende; and numerous lexicographers are cited to the effect that 'to reserve' is 'to retain', 'hold back', or 'except'; and hence it is urged that to construe this deed as granting an easement would be to convert a reservation into a grant. But the day is past for adhering to technical or literal meaning of particular words in a deed or other contract against the plain intention of the parties as gathered from the entire instrument. Examining the language of the deed in the light of the situation of the property and the parties, it is perfectly apparent that the expression 'reserved' was not in the sense of excepting something. Kopp was the absolute owner of the entire premises and, had it been his intention to grant only the 44 by 100 feet, the most natural thing for him to do would have been to have said just that, and nothing more. If he had described the 44 by 100 feet as bounded by an alley, without adding anything else, the law is well settled that the deed would by implication have passed an easement in the alley. But what was here added was evidently added as descriptive of the alley, and as an assurance to the grantee that the strip described had been set apart by the grantor for alley purposes as appurtenant to and for the benefit of the abutting lots into which he was dividing the land. This is the only reasonable construction that can be placed on it. Our opinion,

therefore, is that the deed granted as appurtenant to the premises conveyed an easement for alley purposes in the land in dispute.''

We are of opinion to reverse the decree of the circuit court and award the relief prayed for in the bill.

*Reversed.*